| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FLOYD SUPERIOR/CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF FLOYD | ) | SITTING AT _Floyd Co_, INDIANA |

| | |
|---|---|
| JANET JACOBS | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 22D01 1009-PL 2057 |
| T.G. MISSOURI | ) |
| Defendant. | ) |

**FILED**
**NOV 08 2010**
CLERK OF SUPERIOR COURT NO. 1
FLOYD COUNTY

## COMPLAINT FOR DISABILITY DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION, WITH JURY DEMAND

### Factual Background

Comes now the Plaintiff, JANET JACOBS, pro se and alleges the following COMPLAINT against the Defendant T.G. MISSOURI:

1. This is an action for the denial of equal employment opportunity in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. sections 12101 *et seq.* and of Title VII of the Civil Rights Act *et seq.*

2. Plaintiff JANET JACOBS is a citizen of the United States, residing in the Town of New Albany, County of Floyd, State of Indiana.

3. Defendant T.G. MISSOURI is a corporation organized and existing under the laws of the State of Missouri and doing business in the State of Indiana, specifically at 5331 Foundation Blvd, Town of New Albany, County of Floyd, State of Indiana.

294773.v1 /0853-00001

4. Defendant T.G. MISSOURI is an employer subject to the provisions of the Americans with Disabilities Act, employs 25 or more persons, and is engaged in a business affecting commerce as defined by the statute.

5. At all times relevant to this Complaint, Plaintiff JANET JACOBS was employed as a factory technician by the Defendant at its location in Town of New Albany, County of Floyd, State of Indiana.

6. Plaintiff JANET JACOBS timely filed a charge of discrimination with the Equal Employment Opportunity Commission alleging discrimination on the basis of disability, retaliation and hostile work environment and received a Right to Sue Letter on or after June 16, 2010, a copy of which is attached hereto and made a part hereof.

## Count I - Discrimination on the Basis of Disability and the Creation of Hostile Work Environment

7. Plaintiff repeats and realleges the allegations contained in rhetorical paragraphs 1 through 6 in the Factual Background section of this Complaint as if fully set forth in this Count I.

10. Plaintiff JANET JACOBS began her employment with Defendants in October, 2005, and was employed as a factory technician from 2005 until her employment ended in July, 2009.

11. Plaintiff JANET JACOBS is a qualified person with a disability, to wit, severe and permanent bi-polar disorder, panic and anxiety attacks and general depression. Defendant, through its officers and managers, have been aware of Plaintiff's disability June, 2008.

12. Plaintiff JANET JACOBS was able to perform all of the duties of her position with appropriate and reasonable accommodations.

13. Beginning at approximately the time JANET JACOBS returned to work after an appropriately documented FMLA leave, and continuing through the time that Plaintiff's employment ended in July, 2009, Defendant unlawfully discriminated against Plaintiff on the basis of her disability in the terms and conditions of her employment by:

   (a) purposefully placing her under undue stress by discussing her medical condition with other employees;

   (b) assigning Plaintiff to positions that were more strenuous and less desirable;

   (c) subjecting Plaintiff to higher levels of managerial scrutiny than similarly situated, non-disabled employees;

   (d) purposefully placing Plaintiff in situations with requirements that were unmanageable by any employee in an effort to illicit failure when similarly situated non-disabled employees were not;

   (e) failing and refusing, despite knowledge of the Plaintiff's disability and the nature of the accommodations required, to provide reasonable accommodations for Plaintiff;

   (f) purposefully advising Plaintiff she was entitled to unemployment benefits in order to induce her to violate company policy;

   (g) subjecting Plaintiff to a higher level of disciplinary scrutiny than similarly situated non-disabled employees;

   (h) harassing Plaintiff on the basis of her disability.

14. As a result of the foregoing actions of the Defendants that were so severe and pervasive, Plaintiff's working conditions became intolerable.

15. Plaintiff complained to Human Resources about the situations in which she was being placed, the comments being made and the overall conditions of the employment, but the environment was allowed to persist.

16. Finally, Plaintiff's employment was terminated on July 7, 2009.

17. As a result of the foregoing actions, Plaintiff has been damaged, has been unable to find similar employment, has sustained a loss of income and loss of benefits, has sustained emotional distress and will sustain a future loss of income and future loss of benefits.

WHEREFORE, Plaintiff JANET JACOBS prays for judgment in her favor and against the Defendant, and prays this court award back pay and benefits, front pay and front benefits, compensatory and punitive damages to the extent allowable by law, attorney's fees, expert fees and court costs.

Respectfully submitted,

_____ for Janet Jacobs
Janet Jacobs
214 w. Tenth Street
New Albany, IN 47150

### Count II- Retaliation

18. Plaintiff repeats and realleges the allegations contained in rhetorical paragraphs 1 through 6 in the Factual Background section of this Complaint, rhetorical paragraphs 7 through 17 in Count I of this Complaint and as if fully set forth in this Count II.

19. The employment relationship between JANET JACOBS and T.G. MISSOURI was at-will and had no definite term of employment.

20. That there exists in this matter an exception to the employment at-will doctrine to wit: the Plaintiff, JANET JACOBS, was discharged for exercising a legally conferred right, which was requesting accommodations for her disability and making a worker's compensation claim with her employer.

21. That the Plaintiff was injured in the course and scope of her employment on or about June 5, 2009.

22. That the Plaintiff reported her injury to her employer via voicemail the same day, but advised that she was leaving for a previously scheduled appointment and would have to follow up the following Monday.

23. The following Monday, June 8, 2009, Plaintiff again reported the at-work injury and requested medical treatment for her injuries.

24. In response thereto, Plaintiff was immediately sent for a drug test.

25. That said drug test was conducted in an unprofessional and harassing manner, namely requiring a nurse following Plaintiff into the bathroom while she provided her sample.

26. That by Defendant's own admission, other employees who were required to give random drug tests were not required to do so in such a manner.

27. That the Plaintiff was instructed by her employer to go to a Dr. Streely for medical treatment, which she did.

28. That Dr. Streely placed Plaintiff on restrictions and again performed a drug test.

29. Plaintiff was off work until June 22, 2009 because no light duty jobs were available.

30. Plaintiff returned to work as instructed. At that time, Plaintiff inquired about the multiple drug tests and her employer advised she was "cheating" on the tests.

31. Plaintiff was allowed to work for approximately 30 minutes before she was again, sent home advising she had to go through a "steps" test.

32. That the results of said test revealed the need for ongoing restrictions.

33. That Plaintiff was again told no light duty position was available and she was to be off work until July 6, 2009.

34. That Plaintiff attempted to return to work on July 6, 2009, but was told she was suspended indefinitely.

13. That while Plaintiff was still off of work due to her injury, a decision was made to terminate her by the Defendant on July 7, 2009, only one month after she reported her injury and requested medical treatment and lost wages.

14. That the reason for the Plaintiff's termination was not for just cause and as such, Plaintiff qualified for unemployment benefits.

15. That the Plaintiff has been damaged by her employers' wrongful discharge in that she has lost wages and benefits and continues to lose wages and benefits of employment.

WHEREFORE, the Plaintiff, JANET JACOBS, respectfully requests that the Court award damages which will reasonably and fully compensate her for all of her losses and damages in an amount to be determined by the jury at the trial of this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Janet Jacobs
Janet Jacobs
214 w/ Tenth Street
New Albany, IN 47150

6

## Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,

_for Janet Means_
Janet Jacobs
214 W. Tenth Street
New Albany, IN 47150

7